## J. D. PROCTOR v. J. G. BLACKBURN ET AL.

Decided March 28, 1902.

1.—Officer—Removal of Policeman—City Charter—Term of Office.

The Constitution provides (article 16, section 30) that the term of all officers not fixed by it shall not exceed two years; and the charter of the city of Houston provides (Special Laws, 1897, pages 61, 62) that all employes in the police department shall continue in office during effective service and good behavior, and that no member shall be discharged unless proved guilty of an offense; while an ordinance of the city (No. 216) provided that the chief of police may discharge any officer for violation of duty or the rules. Held, that the charter should be construed as fixing the term of a policeman during effective service and good behavior at not exceeding two years, and that where plaintiff, a policeman, was removed under such ordinance by the chief as drunk and disorderly, without a trial, this was unauthorized, and plaintiff was entitled to be reinstated.

2.—Same—Constitutional Law—City Ordinance Invalid.

Even though so much of the charter as makes the term of office contemporaneous with effective service should be construed as an unconstitutional attempt to provide terms of office exceeding two years, yet as such provision is separable from the rest of the article, effect should be given to the remainder which conflicts with ordinance No. 216 and takes the power of removal from the chief.

Error from Harris. Tried below before Hon. Wm. H. Wilson.

*Edgar Watkins* and *Frank C. Jones,* for plaintiff in error.

*Stewart, Stewart & Lockett,* and *Brashear & Dannenbaum,* for defendant in error.

GARRETT, CHIEF JUSTICE.—The plaintiff in error filed suit in the court below against the defendants in error, alleging that on September 24, 1901, he was a duly appointed, qualified, and acting policeman of the city of Houston, and that the defendant Blackburn was chief of police and defendant Woolford was mayor of the city; that on said date the defendant Blackburn, whose act was concurred in and ap-

proved by the defendant Woolford, illegally and without authority of law removed plaintiff and refused him the right to perform his duties under his employment as a policeman, or to receive pay as such; that on September 26, 1901, the plaintiff appealed to the board of police, fire and health of said city and asked to be reinstated and put to work; that said board gave plaintiff a hearing, and notified the defendant Blackburn that if he had any charges against the plaintiff he should prefer them; that on said hearing the board acquitted the plaintiff of the charge alleged by the said chief of police as the reason for his discharge; that thereafter on September 30, 1901, the city council of the city of Houston by a majority vote sustained said board and ordered plaintiff to be put to work; plaintiff offered to the defendants to go to work, but they refused to allow him to do so. Plaintiff prayed for a writ of mandamus to the defendants to reinstate him in all the duties, privileges, and emoluments of his office as policeman of the city of Houston.

The answer admitted the appointment and qualification of plaintiff and his discharge as alleged, as well as the proceedings before the board of police, fire and health, and alleged in avoidance that the plaintiff became drunk and disorderly on September 22, 1901, while in the discharge of his duties as policeman, and that under section 216 of the ordinances of the city of Houston the defendant Blackburn, as chief of police, had discharged him, and refused to obey the orders of the said board and of the city council, and that his action was participated in and approved of by the mayor. The plaintiff excepted to the answer and pleaded that the ordinance 216 was void, being contrary to the charter. He also denied the allegations of misconduct. A trial was had below to the court without a jury and judgment was rendered in favor of the defendants.

It was admitted that plaintiff was, as he alleged, duly appointed on October 19, 1900, as a policeman of the city of Houston. On the several dates the defendant J. D. Woolford was mayor and the defendant J. G. Blackburn was chief of police of the city of Houston. On September 24, 1901, plaintiff was discharged as policeman by the chief of police with the approval of the mayor, without any charge having been made against him or a hearing before the board of police, fire and health. The defendant Blackburn testified that he discharged the plaintiff for drunkenness and misconduct while on duty and detailed the facts, which need not be set out. Notice of the discharge was given to the plaintiff in writing as follows: "Houston, Texas, Sept. 24, 1901.—J. D. Proctor: "You are hereby notified that on and after this date you are dismissed from any further service in this department. (Signed) J. G. Blackburn, Chief of Police. Approved: J. D. Woolford, Mayor of the City of Houston."

The plaintiff laid the matter before the police board, and the police board adjudged him not guilty. The chief refused to reinstate him. He then petitioned the city council to be reinstated, and the city coun-

cil by a majority vote directed that he be reinstated as policeman. This action of the council was vetoed by the mayor. Plaintiff applied to the defendants to be reinstated but they refused to reinstate him. Ordinance 216 is as follows:

"Art. 216. Marshal shall have power to suspend or discharge.— The city marshal shall have the power to suspend or discharge any officer or subordinate in the police department for disobedience of orders, insubordination, neglect of duty, or any other violation of the rules of the department, and he shall have the right to fill such vacancy by temporary appointment until the city council shall confirm the name of the officer submitted by him to fill such vacancy. Any officer so suspended or discharged shall have the right to have the matter investigated by the city council, which may reinstated him by two-thirds vote of all the members-elect of the city council, but in no case shall such officer be entitled to pay during the time he has been so suspended or discharged."

The ordinance 216, which is above set out, gives the city marshal, who is the chief of police, authority to discharge any officer in the police department. In the attempt to confer such power on the chief of police the ordinance is in conflict with sections 26 and 26a of the charter of the city, and the action of the chief of police in discharging the plaintiff from his duties and office as policeman can only be sustained on the ground that these sections of the charter are in contravention of the Constitution of the State and are void. It is claimed that they are unconstitutional because they attempt to fix a term of office for policemen and certain other officers to last during good behavior, which is longer than is allowed by the Constitution. These sections of the charter are amendments to it made in 1897 (Special Laws, pages 61, 62,), and are as follows:

"Sec. 26. That the terms of service of all employes in the fire, police, and health departments of the city of Houston shall continue during efficient service and good behavior, except the heads of departments; and no member of the fire, police, and health departments now in service of said departments shall be discharged from said service of said departments unless proven guilty of an offense of sufficient gravity, in the opinion of the police, fire and health board of the city of Houston, to warrant such discharge, and in any event such discharged member or employe shall have the right to appeal from said board to the city council, but said member or employe shall stand suspended during the pendency of said appeal to the city council, and in case the charges are not sustained against said member or employe, such suspended member or employe shall be entitled to regular pay from the date of his suspension and be reinstated in the service. The rules and regulations now in force shall be continued as the rules and regulations of the department, so far as applicable under this section, but may be amended or altered by the city council upon the recommendation of the chief

engineer and the fire committee of the council. To render any person eligible for employment in the fire department he shall be between the ages of twenty-one and forty-five; he shall be a citizen of the United States; shall have been a bona fide resident of the city of Houston for at least two years immediately preceding his appointment; shall be of good moral character, and shall successfully pass a proper physical examination.

"Sec. 26a. That on and after January 1, 1898, the police, fire, and health departments of the city of Houston shall be placed under civil service rules and regulations, save and except the heads of said departments, and shall be under the supervision, direction, and control of the respective heads of said departments. The mayor and four aldermen receiving the highest number of votes at city election shall constitute a board which shall be known as the 'Police, Fire and Health Board of the City of Houston,' which said board shall make all necessary rules and regulations for the examination of applicants for positions in said departments, and said board shall also pass upon all charges preferred against any member or employe of any of said departments."

A policeman of an incorporated town or city is an officer. Code Crim. Proc., art. 43; Charter of Houston, sec. 17. As an officer his term of office can not be made to continue longer than two years, since its duration is limited to that time by the general provision of the Constitution. Const., art. 16, sec. 30; Kimbrough v. Barnett, 93 Texas, 301; State v. Catlin, 84 Texas, 48. It must be conceded that the language of the charter may be construed as an attempt to fix the term of office for the policeman of the city during good behavior, but this is controlled by the Constitution and the term is limited to two years. City of San Antonio v. Micklejohn, 89 Texas, 83; Keenan v. Perry, 24 Texas, 258. The purpose of the law is to place the appointment of policemen and their tenure of office under civil service rules, and a board is created to hear and determine charges against them for their removal. Section 10 of the act of May 25, 1899 (Special Laws, page 183), further amending the charter of the city, makes the city council judge of the election and qualification of its members, and empowers it by a two-thirds vote to remove any officer of the city after an opportunity to be heard. But this section evidently refers to other officers than those placed under the civil service rules, and is not inconsistent with sections 26 and 26a. Nor are these sections inconsistent with section 14, which makes the city marshal the chief police officer under the mayor, and provides that he shall suggest to the mayor proper persons for members of the police force of the city of Houston, of which force he shall have direct control under the ordinances of the city of Houston. Since so much of section 26 as undertakes to make the term of service continue during efficient service and good behavior is controlled by the Constitution and the term limited to efficient service and good behavior not exceeding two years, all of the other provisions are valid and may

be enforced. Jones v. Dougherty, 56 S. W. Rep., 596, 600. But if it should be conceded that the attempt to give the term of office longer duration is void and of no force and is not aided by the Constitution, the officer would hold at the pleasure of and subject to removal by the appointing power, which is the mayor and aldermen composing the council, and the power to remove is in the corporation itself. 19 Am. and Eng. Enc. of Law, 562a.

The question of the constitutionality of a law should be approached with great caution, and a statute should never be declared void unless the nullity and invalidity of the act should in the judgment of the court be placed beyond reasonable doubt. Cooley Const. Lim., p. 182, et seq. As said by Mr. Justice Washington in Ogden v. Saunders, 12 Wheaton, 213, in speaking of the resolution of the doubt in favor of the validity of the law: "It is but a decent respect due to the wisdom, the integrity, and patriotism of the legislative body by which any law is passed to presume in favor of its validity, until its violation of the Constitution is proved beyond all reasonable doubt." And to the reasons given by the learned justice may be added a proper regard for the rights and powers of a co-ordinate branch of the government. If it should be determined, however, that the attempt to give a longer duration to the term of office than two years is void and is not preserved and controlled by other law, then if so much of the act as conflicts with the Constitution can be treated as a nullity without affecting the remainder, the portion that is repugnant will be rejected and the other parts of it will be upheld.

Judge Cooley says: "A statute may contain some such provisions, and yet the same act, having received the sanction of all branches of the Legislature, and being in the form of law, may contain other useful and salutary provisions, not obnoxious to any just constitutional exception. It would be inconsistent with all just principles of constitutional law to adjudge these enactments void because they are associated in the same act, but not connected with or dependent on others which are unconstitutional. Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning, that it can not be presumed the Legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is not whether they are contained in the same section for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent,

wholly independent of that which was rejected, it must be sustained." Cooley Const. Lim., secs. 177, 178.

By rejecting so much of the law as seeks to make the tenure of office longer than two years, the general purpose of the act to place the appointment and discharge of police officers under civil service rules instead of leaving the selection and removal of such officers to favoritism and uncertainty can be sustained, and the rules prescribed may be applied to an appointment and tenure for not longer than two years. Our construction of the law, however, is that the whole act is valid, and that the duration of a term of service is during efficient service and good behavior for two years as limited by the Constitution; that the law must be observed in the appointment and selection of the officers; and that they can not be discharged during their term of office except upon charges against them preferred and tried in the manner prescribed. We are of the opinion that ordinance 216 giving the marshal power to remove is in conflict with the charter, and that the chief of police had no authority to discharge the plaintiff. There can be no doubt about the purpose of the defendants to dismiss the plaintiff from the police force or the effect of their action. Their act can not be regarded as a suspension pending the investigation of charges, because no charges were made, and the attempt of the board of police, fire and health and of the city council to reinstate the plaintiff was disregarded and the act of dismissal maintained by the defendants as conclusive and final.

The judgment of the court below will be reversed and judgment will be here rendered in favor of the plaintiff, adjudging that he has not been legally removed from his office as policeman of the city of Houston, and that he be awarded the writ of mandamus against the defendants to reinstate him, as prayed for in his petition.

*Reversed and rendered.*