## CITY OF HOUSTON V. GUS ALBERS.

### Decided April 6, 1903.

**1.—City Policeman—Term of Office—Discharge.**

While the city charter of Houston provides that the terms of all police officers shall continue during efficient service and good behavior, yet as the Constitution declares that the term of all officers not fixed thereby shall not exceed two years, it is held that on the expiration of two years from a policeman's appointment he ceased, in the absence of a reappointment, to be an officer de jure, so that the city was liable thereafter only for services actually rendered by him and accepted by it.

**2.—Same—Suspension After Term Expired.**

Where plaintiff was suspended from the performance of his duties as a policeman after the expiration of his term, it was immaterial whether or not such suspension was in accordance with the city charter.

Appeal from the County Court of Harris. Tried below before Hon. E. H. Vasmer.

*T. H. Stone,* City Attorney, for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against the city of Houston to recover salary alleged to be due him as a policeman of said city from the 3d day of February, 1892, up to the date of the filing of the suit, at the rate of $85 per month, and also the value of fifteen days' service rendered said city as policeman during the year 1901, the aggregate amount sued for being $663.87.

The defendant's answer contained a general demurrer and general denial, and also various special exceptions and pleas the nature of which it is unnecessary to disclose further than to say that the issues hereinafter discussed were properly presented by said answer.

The facts disclosed by the record are briefly stated as follows: On the 21st day of May, 1898, plaintiff was appointed by the mayor of the city of Houston to the office of policeman of said city, which appointment was confirmed by the city council of said city on May 23, 1898. At the time of his appointment as aforesaid plaintiff executed and delivered to the mayor a bond, in the sum of $500, conditioned that he would faithfully perform the duties of his office. This bond was signed by two sureties, as required by the ordinance of said city, and was duly approved by the mayor. Plaintiff also took the oath of office prescribed by the ordinance of said city, and at once entered upon the discharge of the duties of his office, and continued in the discharge of same until the 3d day of February, 1902, when John G. Blackburn, who was then chief of police of said city, acting under the direction of John D. Woolford, the then mayor, notified plaintiff that he was discharged from the service of the city, and refused to further permit him to discharge the duties of policeman. Plaintiff appealed from this order of discharge to the police, fire and health board. This board did not decide the question presented by the appeal, but referred same to the city council.

At a meeting of the city council held on February 24, 1902, it was determined by a vote of 10 to 2 that plaintiff had been wrongfully discharged from the service of the city, and it was recommended that he be reinstated in his former position and be paid in full for the time lost by him. Since said action of the city council plaintiff has from time to time applied to the chief of police to be put to work as a policeman and has been at all times ready and willing to perform the duties required of him as such officer, but said chief of police has refused to allow him to perform such duties and has struck his name from the roll of policemen. The regular salary of a policeman of the city of Houston is fixed by ordinance at $75 per month, but when such policeman serves as a mounted officer his salary is $85 per month. Plaintiff was a mounted policeman during the time he served as a policeman. Plaintiff was never reappointed as a policeman of the city of Houston after his appointment in May, 1898, but in November, 1901, he was notified by the chief of police that a new bond was required of him as such policeman. In obedience to this notification plaintiff on March 21, 1901, executed and delivered to the mayor, John D. Woolford, a new bond similar in all respects to the one formerly executed by him. This bond was accepted and approved by the mayor. During the year 1901 plaintiff was suspended by order of the chief of police from the performance of his duties as policeman for fifteen days, and his salary for said time was not paid him by the city. Upon these facts the trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiff for the sum of $615.70, from which judgment the defendant prosecutes this appeal.

Section 26 of the charter of city of Houston (Spec. Laws of 1897, page 61) provides that the terms of service of all employes of the police department of said city shall continue during efficient service and good behavior. This provision of said charter was construed by this court in the cases of Proctor v. Blackburn, 28 Texas Civ. App., 351, 67 S. W. Rep., 548; and Cawthorn v. City of Houston, 31 Texas Civ. App., 1, 6 Texas Ct. Rep., 109, and held, in the light of the constitutional provision fixing the term of office of all officers whose term is not otherwise fixed by the Constitution at two years, to mean that the duration of the term of service of policemen of said city is during efficient service and good behavior for two years, as limited by the Constitution. As alleged in his petition and shown by the undisputed evidence, appellee was appointed a policeman of the city of Houston on May 23, 1898, and qualified as such on the same day. Under the provision of the Constitution above mentioned his term of office expired on the 22d day of May, 1900. There is neither allegation nor proof that he was ever reappointed to such office. There is no provision in the charter of the city of Houston giving the right to a policeman to hold his office until his successor has qualified; in fact, under the charter and ordinances of said city there can, strictly speaking, be no succession in the office of policeman. The number of policemen for said city is not fixed by the

charter or by any ordinance of the city. The individual policeman does not hold any fixed or permanent office created by law which is required to be kept filled, but is merely a member of an official body the membership of which may be increased or reduced by the city authorities as the exigencies of the city may demand, subject only to the limitation that when once appointed no policeman can be deprived of his office before the expiration of his term except upon the grounds and in the manner prescribed by the charter. The mayor appoints such number of policemen as may be necessary to enforce the laws of the city, and when the term for which an individual policeman has been appointed expires, it is discretionary with the mayor and chief of police whether the number of men on the force shall be decreased by dispensing with the services of such policeman. It follows that an appointment upon the police force of the city only gives the appointee right to the office for a term of two years, and when that term expires, unless he is reappointed, he ceases to be a de jure officer, and the liability of the city for his salary as such officer ceases. Should he remain in the service of the city and continue to act and be recognized by the city in his official capacity, he would become a de facto officer, and as such would be entitled to compensation for the services rendered the city in such capacity and accepted by it. When, however, the city ceased to recognize him as a de facto officer and refused to permit him to discharge the duties of policeman, it incurred no liability for any salary that he might have earned had he been allowed to continue in the discharge of the duties of his office.

The evidence fails to show that appellee performed any services as a de facto policeman for which he has not been paid. The alleged fifteen days service for which appellee claims compensation is shown by the undisputed evidence to have not been performed. During the time alleged appellee was suspended from the performance of the duties of policeman, and not being at that time a de jure officer, it is immaterial whether such suspension was in accordance with the provisions of the charter, since the city owed him no duty to permit him to discharge the duties of policeman after his term of office had expired.

There being no evidence to sustain any judgment against the city, the judgment of the court below is reversed and judgment here rendered in favor of the appellant.

*Reversed and rendered.*