

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 2, 1939

Hon. Thos. A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-697
Re: Is there any prohibition, constitutional or legislative, which would prohibit the county commissioners' court from authorizing the tax collector and assessor of Liberty County from employing a deputy tax collector and assessor for the town of Cleveland, and that area, which person is being considered employed at this time and the time of being employed, the duly appointed assessor and collector for the Cleveland Independent School District?

Your request for an opinion on the above stated question has been received by this office.

We want to thank you for the able brief submitted with your inquiry which has been helpful in passing upon your question.

Your letter states that the person to be employed as deputy tax assessor-collector for the Cleveland area is now the tax assessor-collector for the Cleveland Independent School District and receives the commission of 2% on all taxes collected for that district and that it is the intention of the county to pay the deputy for her services as deputy assessor-collector for the Cleveland area a salary of $30.00 per month.

Hon. Thos. A. Wheat, May 2, 1939, Page 2

Article 7256, Revised Civil Statutes, reads in part as follows:

". . . That in all counties containing a city or town, other than the county seat, which has in excess of Seven Thousand (7,000) inhabitants according to the last Federal census, said assessor and collector of taxes, with the consent and approval of the Commissioners' Court, may appoint a Deputy Assessor and Collector of Taxes in such town or city, who shall have the right to collect taxes from all persons who desire to pay their taxes to him, and to issue a valid receipt therefor. . ."

According to the last preceding Federal census, the town of Cleveland has a population of approximately thirty-five hundred (3,500) people. Therefore, Article 7256, supra, does not authorize the assessor-collector of taxes to appoint a deputy assessor-collector of taxes in and for the town of Cleveland.

Section 40, Article 16 of the State Constitution as amended, reads as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public and postmaster, Officer of the National Guard, the National Guard Reserve, and the officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein. Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the National Guard, and the National Guard Reserve,

or an officer in the Officers Reserve Corps
of the United States, or an enlisted man in
the Organized Reserves of the United States;
or retired officers of the United States Army,
Navy,and Marine Corps, and retired warrant
officers, and retired enlisted men of the
United States Army, Navy, and Marine Corps,
from holding in conjunction with such office
any other office or position of honor, trust
or profit, under this State or the United
States, or from voting at any Election; General,
Special or Primary, in this State when other-
wise qualified."

Under Section 40 of Article 16 of the Constitu-
tion, above quoted, two civil offices of emolument can-
not be united in the person, unless one of them is within
the enumerated exceptions; and a person cannot hold or
exercise two such offices in either a de jure or de facto
capacity. Oden vs. Sinton Independent School District,
234 S. W. 1090; Tex. Jur. Vol. 34, p. 347; State vs.
Gillette Estate, 10 S. W. 2nd 984.

The Constitution applies only to offices of
emolument. Emolument means a pecuniary profit, gain or
advantage; hence the same person may hold two civil
offices where no pay, compensation or pecuniary gain
attaches to one of them, provided they are not incompati-
ble.

Deputy sheriffs, deputy constables, deputy county
clerks, and departmental chief clerks are public officers.
Therefore, we are of the opinion that a deputy tax assessor-
collector is an officer within the purview of the above
mentioned constitutional provisions. State vs. Brooks,
42 Tex. 62; Murray vs. State, 67 SW 2nd 274; Donges vs.
Beall, 41 SW 2nd 531; Pfeffer vs. Mahuge, 260 SW 1031;
Tex. Jur., Vol 34, p. 602.

You are respectfully advised that it is the
opinion of this Department that the county assessor-collec-
tor of taxes does not have the authority to appoint a de-
puty assessor-collector of taxes in and for a town or city

Hon. Thos. A. Wheat, May 2, 1939, Page 4

other than the county seat which has a population or less than seven thousand (7,000) inhabitants according to the last preceding Federal census.

You are further advised that the offices of assessor-collector of taxes for an independent school district and deputy assessor-collector of taxes for a county are two distinct and separate civil offices of emolument and cannot be united in the same person.

Trusting that the foregoing answers your inquiry, we remain.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed) Ardell Williams
Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS