

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILLIAM WILSON~~
ATTORNEY GENERAL

Honorable Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Dear Sir:

Opinion No. O-6088
Re: Whether a deputy county treasurer
may also serve as a rent control
inspector for the Office of Price
Administration.

Your opinion request of June 27, 1944, reads as follows:

"The Deputy County Treasurer here, who has been in charge of the Treasurer's Office, in the absence of the regular County Treasurer, who is in Military service, has recently been appointed Rent Control Inspector for the Office of Price Administration for Jackson and Calhoun Counties.

"It was suggested by the Commissioners' Court that he continue to perform the duties of Deputy County Treasurer along with the duties of his position as Rent Control Inspector, and so far as I know, there is no objection by anyone here to his continuing in both capacities.

"As Deputy County Treasurer he receives a salary of $100.00 per month, paid directly by the County, but deducted from the Treasurer's salary who receives $125.00 per month. His salary as Rent Control Inspector will be paid by the Federal Government, and will approximate $200.00 per month.

"The Office of Price Administration has no objection to his continuing in both capacities.

"I would like an opinion from your department as to whether there is any legal prohibition that would prevent him from continuing to act as Deputy County Treasurer while serving as Rent Control Inspector."

With certain exceptions not here material, Section 40 of Article XVI of the Texas Constituion provides:

"No person shall hold or exercise, at the same time, more than one civil office of emolument . . . ."

Similarly, Section 12 of the same Article provides:

"No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State."

It is settled that deputy sheriffs and deputy county clerks are public officers of this State. Donges v. Beall, et al., 41 S.W. (2d) 531;  State  v. Brooks, 42 Tex. 62; Townes v. Harris, 13 Tex. 507;  Murray v. State, 67 S.W. (2d) 274. This office has previously held in Opinion No. 0-4968 that a deputy constable likewise is a public officer of the State. By a parity of reasoning and after consideration of Article 3902, V.A.C.S., the Article under which deputy county treasurers are appointed, we feel that a deputy county treasurer is also a public officer, and that he holds a "civil office of emolument" and an "office of profit or trust under this State."

From the local Office of Price Administration we have obtained the following information relative to O.P.A. Rent Control Inspectors:

Such Inspectors are appointed under the provisions of the Emergency Price Control Act and the executive and administrative orders issued thereunder. The Inspectors form a part of the general scheme of inflation control by the federal government, and function in this respect by seeing that rent ceilings are obeyed, by valuing property so that proper ceilings may be established or that proper changes may be made in existing ceilings, and by enforcing the other provisions of the rent control regulations. Rent Control Inspectors are required to take an oath before entering upon the performance of their duties.

This Opinion is expressly predicated upon the assumption that the foregoing information is correct.

In the case of Commissioners' Court of Limestone County

v. Garrett, 236 S.W. 970, our Commission of Appeals defined
a "public officer" in the following terms:

> "Public officers are usually required by law
> to take the oath of office, and this fact goes far
> in determining the character of the duty. But the
> taking of the oath is not an indispensable criterion,
> and the office may exist without it, for, as has
> been said, the oath is a mere incident, and consti-
> tutes no part of the office . . . If a duty be a
> continuing one, which is defined by rules prescribed
> by the government, and not by contract, which an in-
> dividual is appointed by the government to perform,
> who enters on the duties pertaining to his station
> without any contract defining them, if those duties
> continue though the person be changed, it seems very
> difficult to distinguish such a charge or employment
> from an office or the person who performs the duties
> from an officer."

In the case of Kimbrough v. Barnett, 93 Tex. 310, 55
S.W. 122, our Supreme Court said:

> "Public office is the right, authority, and
> duty created and conferred by law by which, for
> a given period either fixed by law or enduring at
> the pleasure of the creating power, an individual
> is invested with some portion of the sovereign
> functions of the government to be exercised by
> him for the benefit of the public."

We feel that the position of O. P. A. Rent Control In-
spector falls within these definitions, and that such Inspec-
tor holds a "civil office of emolument" and an "office of pro-
fit or trust under the United States" within the meaning of
the above quoted provisions of our Constitution. Consequently,
you are respectfully advised that under these provisions a
deputy county treasurer may not also serve as an O.P.A. Rent
Control Inspector.

In a situation such as the present in which neither the
Commissioners' Court nor the Office of Price Administration
has any objection to the holding of the two offices, the Con-
stitutional prohibitions doubtless seem unduly severe. However,
as was said in our Opinion No. 0-490:

> "The restraint against a person exercising
> or holding more than one civil office of emolument
> might appear to be a manifestation of a super-
> abundance of caution on the part of the framers

of the constitution, where the offices are not of
major importance, or of high financial remuneration,
as is the present case. On the other hand, said
prohibition can amount to a protection of fundamental
rights and liberties, and a bulwark of democratic insti-
tutions and principles. Consequently, regardless
of the personalities, offices and compensation in-
volved, the constitutional mandate must be strictly
obeyed."

Trusting that the foregoing fully answers your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:fo:wc

APPROVED JULY 13, 1944
s/Geo. P. Blackburn
(Acting)  ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman