

# The Attorney General of Texas

March 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Bill M. White
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78205

Opinion No. H-1144

Re: Whether deputy county clerks are covered by county civil service.

Dear Mr. White:

You have requested our opinion concerning the application of the County Civil Service Act, article 2372h-6, V.T.C.S., to deputy county clerks. You have asked whether such deputy clerks are employees within the terms of the Act.

Section 1(3) of article 2372h-6 provides:

> "Employee" means any person who obtains his position by appointment and who is not authorized by statute <u>to perform governmental functions in his own right involving some exercise of discretion</u>, but does not include a holder of an office the term of which is limited by the Constitution of the State of Texas. (Emphasis added).

In <u>Donges v. Beall</u>, 41 S.W.2d 531 (Tex. Civ. App. — Ft. Worth 1931, writ ref'd), the court held that deputy county clerks were public officers within the constitutional limitation of terms of office. If that holding remained the law, it would compel a negative answer to your question. However, in <u>Green v. Stewart</u>, 516 S.W.2d 133 (Tex. 1974), the Supreme Court of Texas stated:

> It is our opinion that the decision of this court in <u>Aldine Independent School District v. Standley</u>, <u>supra</u>, and our refusal of the application for writ of error in <u>Dunbar v. Brazoria</u>. <u>supra</u>, impliedly overruled <u>Donges v. Beall</u>, <u>supra</u>. It is our opinion that the rule of <u>Aldine</u> and <u>Dunbar</u> is the better one, and also that the Legislature intended to follow the rule of those cases in defining an employee in the Civil Service Act.

Id. at 136.  The Court held that deputy tax assessor-collectors act "in the right of the tax assessor-collector rather than in their own right."  Id. at 135.

The statement in Green v. Stewart concerning Donges v. Beall provides a strong implication that the Texas Supreme Court would hold deputy county clerks to constitute employees under the Civil Service Act.  This implication is butressed by article 1938, V.T.C.S., which provides for the appointment of deputy county clerks and states that such deputies "shall act in the name of their principal. . . ." Furthermore, article 2.22, V.T.C.C.P., which provides that a deputy clerk may perform the duties imposed upon his principal, is similar to language in article 7252, V.T.C.S., which was relied upon by the Supreme Court in Green v. Stewart. On the basis of its opinion in Green v. Stewart, in our opinion the Texas Supreme Court would hold that deputy county clerks act in the right of the county clerk and are therefore employees within the County Civil Service Act.  See Huntress v. State, 88 S.W.2d 636 (Tex. Civ. App. — San Antonio 1935, writ dism'd).  This was the view of this office in M-1088 (1972), that aspect of which has not been overruled. See Attorney General Opinions H-985 (1977), H-619 (1975).

We are aware that this office has ruled that deputy county clerks may take acknowledgments without naming their principals.  Attorney General Opinion O-5496-A (1944).  We are not persuaded that the ruling conflicts with our decision herein, since O-5496-A dealt with a very limited ministerial duty, was issued long before the enactment of article 2372h-6, and relied in part on Donges v. Beall.

Similarly, we do not find the unreported opinion in Spanihel v. Turrentine, No. 71-H-1340 (U.S. Dist. Ct., S.D. Tex., 1973), to provide a sufficient basis upon which to base another conclusion.  The opinion was written before Green v. Stewart, did not mention article 2372h-6, and relied upon article 2372h, the application of which has been clearly limited by the subsequent enactment of article 2376h-6.  In addition, much of the discussion of the control of the county clerk over his deputies directly supports our decision that such deputies act in the right of their principal.

### S U M M A R Y

Deputy county clerks are employees within the scope of the County Civil Service Act, article 2372h-6.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst