

# The Attorney General of Texas

December 22, 1981

**MARK WHITE**
Attorney General

This Opinion Overrules LA-63

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas Criminal District Attorney
Condemnation Section
6th Floor Records Building
Dallas, Texas 75202

Opinion No. MW-415

Re: Whether one person may serve at same time as deputy district clerk and deputy county clerk

Dear Mr. Wade:

At the request of the Commissioners Court of Dallas County, you have asked whether a person may serve as a deputy district clerk at the same time the person serves as a deputy county clerk.

Unlike counties with a population of less than 8,000, Dallas County is not authorized by the Texas Constitution to elect a single "clerk" who performs the duties of both district clerks and county clerks; Dallas County elects both officers. Tex. Const. art. V, §§9, 20. Each of them is given statutory authority to appoint deputies. See V.T.C.S. arts. 1898, 1938, 3902.

Deputies so appointed, however, exercise power in the name of the officer who appointed them and not in their own right; they do not succeed to the office if it becomes vacant. Cf. V.T.C.S. arts. 1896, 1936 (clerks pro tempore); Code Crim. Proc. art. 2.22 (duties performed by deputies). Such deputies are employees, not officers. Green v. Stewart, 516 S.W.2d 133 (Tex. 1974); Attorney General Opinion H-1144 (1978). Cf. Donges v. Beall, 41 S.W.2d 531 (Tex. Civ. App. - Ft. Worth 1931, writ ref'd) (impliedly overruled per Green v. Stewart, supra).

We do not believe that express statutory authorization is necessary in order for one person to serve as both deputy district clerk and deputy county clerk. However, he may not hold both positions if he would thereby violate article XVI, section 40 of the Texas Constitution.

Article XVI, section 40 of the Texas Constitution generally prohibits one person from holding or exercising more than one civil office of emolument at the same time, but if the positions held by the deputies do not constitute "civil offices," their occupancy by a single person would not violate the provision. In 1973, before the Green v. Stewart case, supra, was decided, this office issued Letter

Advisory No. 63, which made a distinction between a "civil office," as used in section 40, article XVI of the constitution, and a "public office," as used elsewhere in the constitution. The distinction was based upon the different treatments accorded those terms by the Texas Supreme Court with respect to the several constitutional rights of school district tax assessors. Compare Pruitt v. Glen Rose Independent School District, 84 S.W.2d 1004 (Tex. 1935), with Aldine Independent School District v. Standley, 280 S.W.2d 578 (Tex. 1955). However, cases decided since Letter Advisory No. 63 was issued render its analysis inappropriate in deciding article XVI, section 40 dual office questions. Accordingly, since the positions of deputy county clerk and deputy district clerk are not "public offices," they cannot be "civil offices" within the meaning of article XVI, section 40 of the constitution.

The Texas Supreme Court in Aldine Independent School District, supra, discussed, but did not expressly overrule, a prior inconsistent holding in Pruitt. It merely noted that the two cases involved different constitutional provisions (sections 30 and 40 of article XVI). This distinction suggested that a "public officer" in section 30 of article XVI was something different from the holder of a "civil office" in section 40, and prompted the conclusion of Letter Advisory No. 63 that a "'civil office' is something more than a 'public employment' and something less than a 'public office.'"

In Green v. Stewart, supra, the supreme court declared that the Aldine Independent School District case impliedly overruled Donges v. Beall, supra. If the Aldine Independent School District decision did not also impliedly overrule Pruitt v. Glenrose Independent School District, supra, in our opinion the Green v. Stewart case did. The latest case to follow them in defining "public officer" for various purposes is Pena v. Rio Grande City Consolidated Independent School District, 616 S.W.2d 658 (Tex. Civ. App. - Eastland 1981, no writ). See also Harris County v. Schoenbacher, 594 S.W.2d 106 (Tex. Civ. App. - Houston 1979, writ ref. n.r.e.); Ruiz v. State, 540 S.W.2d 809 (Tex. Civ. App. - Corpus Christi 1976, no writ). Cf. Attorney General Opinion MW-39 (1979); Letter Advisory No. 137 (1977). The Ruiz court applied the Aldine Independent School District definition of "public officer" to section 40 "civil offices." Insofar as is necessary here, Letter Advisory No. 63 (1973) is overruled.

It is possible, of course, that the common law doctrine of incompatibility would prevent one person from holding the two deputy positions, but "incompatibility" is ordinarily a fact question. See State v. Martin, 51 S.W.2d 815 (Tex. Civ. App. - San Antonio 1932, no writ); Letter Advisory No. 137 (1977). This office is not equipped to pass upon disputed matters of fact in its opinion process. Absent "incompatibility," no provision of law has been brought to our attention that would prevent one person, if qualified, from holding both positions if the district clerk of Dallas County and the county clerk of Dallas County agree to appoint the person as their joint deputy. Compensation for the joint employment should be set by the

commissioners court pursuant to article 3912k, V.T.C.S.  See V.T.C.S. arts. 3902, 3912k; Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. - Eastland 1978, writ ref'd ñ.r.e.).  An employee who serves in this dual capacity is not necessarily entitled to the compensation that would be earned by two persons each serving full time as a deputy clerk.

## S U M M A R Y

Texas law does not prevent one person from serving in the dual capacity of deputy county clerk and deputy district clerk of Dallas County. Compensation for the joint employment should be set by the commissioners court.  An employee who serves in this dual capacity is not necessarily entitled to the compensation that would be earned by two persons each serving full time as a deputy clerk.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Walter Davis
Rick Gilpin
Jim Moellinger
Bruce Youngblood