**Reed STEWART, Tax Assessor-Collector of Tarrant County, Texas, Appellant,**

**v.**

**Howard GREEN, County Judge, Tarrant County, Texas, et al., Appellee.**

**No. 4625.**

Court of Civil Appeals of Texas, Eastland.

Jan. 18, 1974.

Rehearing Denied Feb. 8, 1974.

Brown, Herman, Scott, Dean & Miles, J. Shelby, Sharpe, Fort Worth, for appellant.

McBryde & Bogle, John H. McBryde, Fort Worth, for appellee.

WALTER, Justice.

Appealed from the 48th Judicial District Court of Tarrant County.

Our opinion and judgment of October 19, 1973, is set aside and the following opinion is rendered in lieu thereof.

Reed Stewart, Assessor-Collector of Taxes of Tarrant County, has appealed from an adverse judgment in a declaratory judgment suit against the County Judge, Commissioners' Court and the Civil Service Commission of Tarrant County. The case was tried by the court without a jury. The controversy involved the job status of the deputies in the Tax Assessor-Collector's office. Stewart contends those persons appointed deputy Assessor-Collectors of Taxes are not employees within the meaning of Article 2372h–6, Section 1(3), Vernon's Ann.Tex.Civ.St. The defendants contend that such deputies are employees under said Article 2372h–6, Section 1(3) which defines an employee as follows:

"(3) 'Employee' means any person who obtains his position by appointment and who is not authorized by statute to perform governmental functions in his own right involving some exercise of discretion, but does not include a holder of an office the term of which is limited by the Constitution of the State of Texas."

Under the rules of the Tarrant County Civil Service Commission:

"CLASSIFIED SERVICE—shall include all persons who are employees of the County as defined in Section 1(3) of Article 2372h–6, V.A.C.S., except for those who are expressly exempted by Section 10 of said Article 2372h–6."

In its judgment the court made the following findings:

"b. That none of the persons, other than plaintiff, who are employed or who perform duties in the office of plaintiff as the Assessor-Collector of Taxes of Tarrant County, Texas, whether or not considered to be a duly appointed deputy of the Assessor-Collector of Taxes of Tarrant County, Texas, is the holder of an office the term of which is limited by the Constitution of the State of Texas.

c. That none of the persons, other than the plaintiff, who are employed or who perform duties in the office of plaintiff as the Assessor-Collector of Taxes of Tarrant County, Texas, is authorized by statute to perform governmental functions in his own right involving some exercise of discretion.

d. None of the persons, other than plaintiff who are employed or who perform duties in the office of plaintiff as the Assessor-Collector of Taxes of Tarrant County, Texas, whether or not considered to be a duly appointed deputy of the Assessor-Collector of Taxes of Tarrant County, Texas, has any sovereign function of the government conferred upon him to be exercised by him for the benefit of the public largely independent of the control of others.

e. That each person, other than plaintiff, who is employed or who performs duties in the office of plaintiff as the Assessor-Collector of Taxes of Tarrant County, Texas, whether or not considered to be a duly appointed deputy of the Assessor-Collector of Taxes of Tarrant County, Texas, is an 'Employee' within the meaning of Section 1(3) of Article 2372h–6, V.A.T.S., and is within the 'Classified Service' of Tarrant County, Texas, as the term 'Classified Service' is defined in Section 1.1 of the Rules of Tarrant County Civil Service Commission.

f. That said Civil Service Act and said Rules of the Tarrant County Civil Service Commission can constitutionally be applied to all persons, other than plaintiff, who are employed or who perform duties in the office of plaintiff as the Assessor-Collector of Taxes of Tarrant County, Texas, whether *or* not such persons are considered duly appointed deputies of the Assessor-Collector of Taxes of Tarrant County, Texas."

Article 7252, V.T.C.S., authorizes the Assessor-Collector of Taxes to appoint deputies and in part is as follows:

"Each Assessor and Collector of Taxes may appoint one or more deputies to assist him in the assessment and collection of taxes, and may require such bond from the person so appointed, as he deems necessary for his indemnity; and the Assessor and Collector of Taxes shall in all cases be liable and accountable for the proceedings and misconduct in office of his deputies; and the deputies appointed in accordance with the provisions of this Article *shall do and perform all the duties imposed and required by law of Assessors and Collectors of Taxes*; and all acts of such deputies done in conformity with law shall be as binding and valid as if done by the Assessor and Collector of Taxes in person." (emphasis added)

In a case involving the power of a Deputy District Clerk to take an acknowledgment to a deed the Supreme Court in Herndon v. Reed, 82 Tex. 647, 18 S.W. 665 (1891) said:

"The statute having expressly empowered the deputies, as well as the clerks, to take and certify the acknowledgments it would seem that a deputy was as fully authorized to act as the clerk, and that in authenticating his act it would be proper for him to use his own name and official title. In such a case he exercises a direct, and not a derivative, power; and in law it should be deemed his own, and not the act of his principal."

In Jones v. MacCorquodale, 218 S.W. 59, at page 61 (Tex.Civ.App.—Galveston 1919, writ ref'd) the court said:

"Neither would the division of the clerk's office into different departments, with a deputy over each in charge of particular business, have the effect of limiting the authority of any regularly appointed one of them, or of preventing him from performing all such official acts as might be lawfully done by the clerk himself in person, *because the statutes creating their offices expressly confer upon them the full powers of their chief*." (emphasis added)

A Deputy Tax Assessor-Collector of Taxes is authorized by statute to perform governmental functions in his own right involving some exercise of discretion. We hold, therefore, that a Deputy Tax Assessor-Collector of Taxes is not an employee within the meaning of said Article 2372h–6.

The judgment is reversed and judgment is rendered for the appellant.