Howard GREEN, County Judge of Tarrant County, Texas et al., Petitioners,

v.

Reed STEWART, Tax Assessor-Collector of Tarrant County, Texas, Respondent.

No. B-4504.

Supreme Court of Texas.

Oct. 16, 1974.

Rehearing Denied Dec. 18, 1974.

---

McBryde & Bogle, John H. McBryde, Fort Worth, for petitioners.

Brown, Herman, Scott, Dean & Miles, William M. Brown and J. Shelby Sharpe, Fort Worth, for respondent.

POPE, Justice.

Reed Stewart, the Assessor-Collector of Taxes of Tarrant County, brought this action against the County Judge, Commissioners' Court and the Civil Service Commission of Tarrant County seeking a declaratory judgment that the persons appointed by him as deputies are not employees who are subject to the Civil Service Act of 1971, Vernon's Tex.Rev.Civ. Stat.Ann. art. 2372h–6, § 1(3) (1971).[1] The trial court ruled that the deputies in the office of the tax assessor-collector are subject to the Civil Service Act, but the court of civil appeals reversed and rendered judgment that they are not. Tex. Civ.App., 505 S.W.2d 414. We reverse the judgment of the court of civil appeals and affirm that of the trial court.

The Tarrant County Tax Assessor-Collector has one hundred fifty full-time employees and during peak seasons will have as many as seventy-five temporary employees. He has deputized all of them, including typists and file clerks, and he contends that none of them are employees as that term is defined by the Civil Service Act. The judgment of the trial court recited that none of the persons employed in the tax assessor's office is authorized to perform governmental functions in his own right involving some exercise of discretion, none of them has any sovereign function of government conferred upon him to be exercised for the benefit of the public largely independent of the control of others, and all of them are subject to the Civil Service Act.

Article VIII, Section 14 of the Texas Constitution, Vernon's Ann.St., authorizes the election of an assessor-collector of taxes in each county who shall hold his office for four years and until his successor is elected and qualified. It then states that "such Assessor and Collector of Taxes shall perform *all the duties* with respect to assessing property for the purpose of taxation and collecting taxes, as may be prescribed by the Legislature." (Emphasis added.) Article 7252[2] authorizes the as-

1. Counties having as many as 300,000 inhabitants may establish a county civil service system. Tarrant County has adopted a civil service system under the provisions of the Act.

2. Tex.Rev.Civ.Stat.Ann. art. 7252 (1960) provides: "Each Assessor and Collector of Taxes may appoint one or more deputies to assist him in the assessment and collection of taxes,

sessor-collector of taxes to appoint deputies "to assist him" and among other things provides, "and the deputies appointed in accordance with the provisions of this Article shall do and perform all the duties imposed and required by law of Assessors and Collectors of Taxes; and all acts of such deputies done in conformity with law shall be as binding and valid as if done by the Assessor and Collector of Taxes in person."

Any possible conflict between the statute and the Constitution which might arise by reason of their different delegations of the same totality of powers to the assessor-collector and also to each one of his appointees is avoided by the additional words of Article 7252 which state that the assessor-collector may appoint deputies "to assist him." The Constitution and statute are thus harmonized since it is the assessor-collector who is charged with all the duties, and it is the deputies who "assist him" in the performance of those duties.

 The Civil Service Act, in defining the term, employee, recognizes that a person can perform governmental functions "in his own right" or in the right of another.

> Art. 2372h–6, Sec. 1(3): "Employee" means any person who obtains his position by appointment and who is not authorized by statute to perform governmental functions in his own right involving some exercise of discretion, but does not include a holder of an office the term of which is limited by the Constitution of the State of Texas.

See, Rich v. Graybar Elec. Co., 125 Tex. 470, 84 S.W.2d 708 (1935). The definition of an employee excludes one who (a) performs governmental functions, (b) in his own right, (c) involving some exercise of discretion. We hold that the deputies here involved do not act in their own right but in the right of the assessor-collector, who is constitutionally charged with the whole duty of the office.

Other statutory provisions support our conclusion that the deputies in the tax assessor-collector's office act in the right of the tax assessor-collector rather than in their own right. Article 7252 says that an assessor-collector may require a bond from his appointed deputies, "as he deems necessary for his indemnity . . . ." It further provides that "all acts of such deputies done in conformity with law shall be binding and valid as if done by the Assessor and Collector of Taxes in person . . ." Article 3902 provides that deputies, assistants or clerks may be appointed, "[w]henever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties . . . ." We conclude from the words of the Constitution and the statutes that there is one office for the Tarrant County Assessor-Collector, not two hundred and twenty-five offices.

The county judge and the other defendants rely upon the distinction between an officer and an employee expressed in Aldine Independent School District v. Standley, 154 Tex. 547, 280 S.W.2d 578 (1955). The case holds that one's status as an officer is determined by "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." The same rule is expressed in Dunbar v. Brazoria County, 224 S.W.2d 738 (Tex.Civ.App. 1949, writ ref'd), and City of Groves v. Ponder, 303 S.W.2d 485 (Tex.Civ.App.

and may require such bond from the person so appointed, as he deems necessary for his indemnity; and the Assessor and Collector of Taxes shall in all cases be liable and accountable for the proceedings and misconduct in office of his deputies; and the deputies appointed in accordance with the provisions of

this Article shall do and perform all the duties imposed and required by law of Assessors and Collectors of Taxes; and all acts of such deputies done in conformity with law shall be as binding and valid as if done by the Assessor and Collector of Taxes in person . . . "

1957, writ ref'd n. r. e.). See also, Walton v. Brownsville Navigation District, 181 S. W.2d 967 (Tex.Civ.App.1944, writ ref'd). The judgment of the trial court in the case now before us declares that the deputies in the assessor-collector's office are not officers because they do not meet that test.

The assessor-collector urges that Donges v. Beall, 41 S.W.2d 531 (Tex.Civ.App.1931, writ ref'd), controls our decision. Donges was a deputy county clerk who challenged the power of the county clerk to discharge him. He asserted his right to continue serving unless his service was terminated by the civil service commission. His petition alleged that he had served as deputy county clerk for four years since his appointment. The court held that he was a public officer and, as such, under Article XVI, Section 30 of the Texas Constitution, could hold office for no longer than two years without reappointment. The court in *Donges* was dealing with a constitutional office, that of county clerk, but did not face the issue that is now before this court. The constitutional statement of the powers of the assessor-collector is that he has all the powers of the office. Art. VIII, § 14, Tex. Const. The constitutional statement of powers of the county clerk on the other hand declares that his "duties, perquisites and fees of office shall be prescribed by the Legislature." Art. V, § 20, Tex.Const. The Legislature then gave co-ordinate powers to the county clerk and his deputy. Tex.Rev.Civ.Stat.Ann. art. 1938 (1964). Accordingly, in *Donges,* the court was not confronted by a constitutional grant of all powers to the elected official and a legislative grant of like powers to others. Moreover, *Donges* did not face the test expressed in the Civil Service Act definition that the performance of the duties of the office must be "in his own right."

We do not, however, place our decision upon differences in the constitutional provisions concerning tax assessors-collectors on the one hand and county clerks on the other. It is our opinion that the decision of this court in Aldine Independent School District v. Standley, *supra,* and our refusal of the application for writ of error in Dunbar v. Brazoria, *supra,* impliedly overruled Donges v. Beall, *supra.* It is our opinion that the rule of *Aldine* and *Dunbar* is the better one, and also that the Legislature intended to follow the rule of those cases in defining an employee in the Civil Service Act. The definition from the Civil Service Act excludes one who is authorized by statute to perform in his own right governmental functions involving some exercise of discretion. One who acts in his own right is, in the words of *Aldine* and *Dunbar,* largely independent of the control of others.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.