

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 28, 1975

This Opinion
Overrules Opini~

~M-1188~

*when conflicts*

The Honorable Henry Wade
District Attorney
Dallas County Government Center
Dallas, Texas    75202

Opinion No. H- 619

Re: Construing the County
Civil Service Act, article
2372h-6, V. T. C. S.

Dear Mr. Wade:

You have requested our opinion concerning the applicability of the
County Civil Service Act, article 2372h-6, V. T. C. S., to assistant county
auditors, assistant purchasing agents, and adult probation officers.

In those counties adopting a civil service system the Act sets up
a Civil Service Commission and gives it the power to make, publish and
enforce rules relating (1) to the selection and classification of county
employees, (2) to competitive examinations, (3) to promotions, seniority
and tenure, (4) to layoffs and dismissals, (5) to disciplinary actions,
grievance procedures and other procedureal and substantive rights of
employees, and (6) to other matters having to do with the selection of
employees and their advancement, rights, benefits and working conditions.
Art. 2372h-6, sec., 8, V. T. C. S.

Section 1(3) of Article 2372h-6 provides:

> "Employee" means any person who obtains his
> position by appointment and who is not authorized
> by statute <u>to perform governmental functions in his
> own right involving some exercise of discretion,</u> but
> does not include a holder of an office the term of which
> is limited by the Constitution of the State of Texas.
> (Emphasis added).

The threshold question concerning the applicability of the act to a particular position is therefore whether its occupant "[a] performs governmental functions [b] in his own right [c] involving some exercise of discretion." Green v. Stewart, 516 S. W. 2d 133 (Tex. Sup. 1974).

In Green, the Texas Supreme Court addressed this provision in the context of deputy tax assessor-collectors. The Court noted the language of article 7252, V. T. C. S., which provides that "[e]ach Assessor and Collector of Taxes may appoint one or more deputies to assist him. . .," and held this language to indicate that the deputies "do not act in their own right but in the right of the assessor-collector. . ." 516 S. W. 2d at 135. The Court stated that "[o]ne who acts in his own right is . . . largely independent of the control of others," 516 S. W. 2d at 136, and finding the deputies not to be so, held them to be within the definition of "employee" in article 2372h-6, V. T. C. S.

Article 1580, note, section 1(g) (1975 Supp.) provides:

> [The county purchasing] agent may have assistants
> to aid in the performance of his duties. . .

No means of selection of these assistants is provided. In our opinion Green compels the conclusion that assistant county purchasing agents are within the definition of employee contained in section 1(3) and are subject to the County Civil Service Act. The language of the statute providing for them is quite similar to that of deputy tax assessor-collectors. Assistant purchasing agents merely aid the purchasing agent in the performance of his duties, and therefore do not act in their own right.

Article 42.12, Tex. Code. Crim. Proc., the Adult Probation and Parole Law, provides for the selection of adult probation officers in section 10.

> Where more than one probation officer is required,
> the [district] judge or judges shall appoint a chief adult
> probation officer or director, who, with their approval,
> shall appoint a sufficient number of assistants and other
> employees to carry on the professional, clerical, and
> other work of the court.

> The judge or judges, with the approval of the
> juvenile board of the county, may authorize the chief
> probation or chief juvenile officer to establish a
> separate division of adult probation and appoint adult
> probation officers and such other personnel as required.

Section 1 states that "[i]t is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for . . . the supervision of probationers. . ."

The purpose of article 42.12 as set out above is inconsistent with the provisions of the County Civil Service Act. The members of the Civil Service Commission are appointed by the Commissioners Court, article 2372h-6, section 6(a), and the commission has authority to enact rules concerning the selection and dismissal of employees. In our view the court's responsibility for the supervision of probationers includes these facets of the employment of probation officers. See Commissioners Court of Hays County v. District Judge, 506 S. W. 2d 630 (Tex. Civ. App. -- Austin 1974, writ ref'd., n. r. e.); Commissioners Court of Lubbock County v. Martin, 471 S. W. 2d 100 (Tex. Civ. App. -- Amarillo 1971, writ ref'd., n. r. e.).

It is therefore our opinion that adult probation officers are not within the application of the County Civil Service Act.

With respect to assistant county auditors, article 1650, V. T. C. S., provides in part:

> The County Auditor of any county of this State may, at
> any time, with the consent of the District Judge or
> District Judges having jurisdiction as hereinafter
> provided, appoint a first assistant and other assistants
> who shall be authorized to discharge such duties as may
> be assigned to them by the County Auditor and provided
> for by law. In counties where only one assistant is
> appointed, such assistant shall be authorized to act for
> the County Auditor during his absence or unavoidable
> detention with respect to such duties as are required by
> law of the County Auditor. . .

> The County Auditor shall prepare a list of the
> number of deputies sought to be appointed, their duties,
> qualifications and experience, and the salaries to be
> paid each, and shall certify the list to the District
> Judge, or in the event of more than one District Judge
> in the county, to the District Judges, and the District
> Judge or the District Judges shall then carefully consider
> the application for the appointment of said assistants and
> may make all necessary inquiries concerning the qualifica-
> tions of the  persons named, the positions sought to be
> filled and the reasonableness of the salaries requested. . .
> no assistant shall be employed except in the manner
> herein provided.

In our view the first assistant is assigned sufficient statutory duties in his own right to be within the exception to the definition of "employee" contained in section 1(3) of the County Civil Service Act.  See Pfeffer v. Mahnke, 260 S. W. 1031 (Tex. Comm. App. 1924).  The remaining assistants would not be excepted, for responsibilities of their positions are derivative of the duties of the county auditor.  See Green v. Stewart, supra.

In addition, in our opinion no assistant county auditors who are within the scope of article 1650 are subject to the County Civil Service Act.  Article 1650 was last amended in 1973.  Acts 1973, 63rd Leg., ch. 339, p. 765.  The Legislature has made clear that assistant county auditors are to be selected under the supervision of the district judges, and "no assistant shall be employed" in any other manner.  The County Civil Service Act cannot have impliedly repealed article 1650, since the latter article was amended sub- sequent to the enactment of the body of the former and concurrently with its amendment.  Furthermore, since both statutes are in effect, the more particular provisions of article 1650 must control over article 2372h-6, for the latter applies to county employees in general.  Forwood v. Taylor, 214 S. W. 2d 282 (Tex. Sup. 1948); State v. Balli, 190 S. W. 2d 71 (Tex. Sup. 1944).  Assistant County Auditors are therefore not within the application of Article 2372h-6, the County Civil Service Act.  Attorney General Opinion M-1088 (1972) is overruled to the extent it conflicts.

## SUMMARY

Assistant county purchasing agents are subject
to the County Civil Service Act, while adult
probation officers and assistant county auditors
are not.  Attorney General Opinion M-1088 (1972)
is overruled to the extent it conflicts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb