

# The Attorney General of Texas

January 11, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Jim Sharon Bearden
Orange County Attorney
Orange, Texas 77630

Opinion No. H- 1113

Re: Authority of the county commissioners court to establish a wage and job classification for employees of an elected county official, or to increase their pay, without the consent of the elected official.

Dear Mr. Bearden:

On behalf of County Tax Assessor-Collector for Orange County you have asked:

1. Can the Orange County Commissioners Court legally institute a Wage and Job Classification for an elected official's department without the consent of said elected official?

2. Can said commissioners court unilaterally raise the pay of a position in said elected official's department if the elected official does not want the employee's pay increased?

Generally, the county commissioners court is authorized to "fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds." V.T.C.S. art. 3912k; Attorney General Opinions H-1009 (1977); H-200 (1974); H-35 (1973).

Article 3912k, the 1971 statute which generally controls the matter and which repealed all conflicting previous laws prescribing the compensation for any official or employee (including other laws passed in 1971), excepts from its operation district attorneys wholly paid by the state, probation officers, county auditors, and the employees of each, as well as the judges of courts of record and the presiding judges of commissioners courts in counties having a population of 1,700,000 or more. V.T.C.S. art. 3912k, § 7.

County attorneys are not expressly excepted from the operation of article 3912k, but in 1973 the Legislature enacted article 332a, V.T.C.S., which provides that prosecuting attorneys, including county attorneys, may employ such personnel as they think necessary and that the salaries for such employees are to be fixed by the prosecuting attorney, subject to the approval of the commissioners court. See Attorney General Opinions H-921 (1977); H-908 (1976); H-656 (1975). The 1973 act repealed conflicting laws and parts of laws.

No current provision of law has been brought to our attention that would exempt the employees of tax assessor-collectors from the operation of article 3912k. A tax assessor-collector is given authority by article 7252, V.T.C.S., to appoint one or more deputies, but that officer's authority is more narrow than that of the commissioners court. Attorney General Opinion H-80 (1973). In Green v. Stewart, 516 S.W.2d 133 (Tex. 1974), the Texas Supreme Court decided that the deputies of a county tax assessor-collector are employees of the county and can be subjected to the County Civil Service Act [article 2372h - 6] by the commissioners court. Cf. Shore v. Howard, 414 F. Supp. 379 (N.D. Tex. 1976) (adult probation officers not covered); Attorney General Opinions H-672 (1975) (juvenile probation officers not covered); H-619 (1975) (adult probation officers not covered).

The County Civil Service Act is now applicable to counties having a population of more than 200,000, according to the last preceding census. Acts 1977, 65th Leg., ch. 244, at 654. Orange County does not fall into that category, and the "Wage and Job Classification" system for Orange County about which you inquire is not comparable to that act in breadth or scope. It is merely a schedule of job descriptions for county employments matched with assigned salary and wage levels. We think article 3912k furnishes county commissioners courts ample authority to establish such a schedule. See Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941); Attorney General Opinions H-402 (1974); M-1056 (1972); C-792 (1966). We do not think the commissioners court must first obtain the consent of the officer in whose department the position exists. See Attorney General Opinions H-595 (1975); O-1481 (1939).

For similar reasons we are of the opinion that, with the exception provided in article 332a, the commissioners court may raise the pay of a position in an elected official's department whether or not the officer desires that the salary assigned to the position be increased.

We note, however, that the commissioners court is prohibited by article 3902, V.T.C.S., from attempting to influence the selection of any person to fill a deputy's, assistant's, or clerk's post in any county or precinct office and may not tie a particular position or salary to the employment of a specific person. Attorney General Opinion H-697 (1975).

## SUMMARY

A county commissioners court in a county not subject to the County Civil Service Act may institute a wage and job

classification system to schedule job descriptions for county employments and match them with assigned salary and wage levels.   It may raise the pay of a position in an elected official's department, whether or not the official desires it, but it may not influence the selection of the person to fill the post.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst