

# The Attorney General of Texas

November 10, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Gary E. Miller, M.D.
Commissioner
Texas Department of Mental Health
   and Mental Retardation
P. O. Box 12668
Austin, Texas   78711

Opinion No. JM-91

Re: Whether the superintendent
of a mental health and mental
retardation facility is an
officer subject to the nepotism
statute

Dear Dr. Miller:

You have asked whether a superintendent of a Texas Department of Mental Health and Mental Retardation facility is an officer for purposes of the Texas nepotism statutes. We believe that such a person is an officer within the meaning of articles 5996a and 5996b, V.T.C.S.

Article 5996a provides, in part, that

> [no] officer of this State . . . shall appoint . . . to any office, position, clerkship, employment or duty . . . any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing . . . when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office . . . provided that nothing herein . . . shall prevent the appointment . . . of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing . . . or to the election or appointment of the officer or member related to such employee in the prohibited degree.

Article 5996b expressly specifies certain officers to whom the prohibition applies, including officers "of the various State eleemosynary institutions."

The courts of this state have frequently stated that the standard that determines status as an officer, as distinguished from an employee, is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public <u>largely independent of the control of others</u>." (Emphasis in original). <u>Green v. Stewart</u>, 516 S.W.2d 133, 135 (Tex. 1974); <u>Aldine Independent School District v. Standley</u>, 280 S.W.2d 578, 583 (Tex. 1955); <u>Pena v. Rio Grande City Consolidated Independent School District</u>, 616 S.W.2d 658, 660 (Tex. App. - Eastland 1981, no writ).

The powers and duties of superintendents of mental health and mental retardation facilities are not functions mainly delegated to them by the commissioner and deputy commissioners of the department, but are derived from statutes such as articles 3175-3177, V.T.C.S., the Texas Mental Health Code, and the Mentally Retarded Persons Act. Article 3176 provides, in part:

> The Superintendent shall be the administrative head of the institution to which he is appointed. He shall have the following powers:
>
> 1.  To establish such rules and regulations for the government of the institution in his charge, as he deems will best promote the interest and welfare of its inmates.
>
> 2.  Where not otherwise provided by law, to appoint the subordinate officers, teachers, attendants, and other employees, and to fix their salaries.

Each superintendent of a facility is appointed by the commissioner with the approval of the Texas Board of Mental Health and Mental Retardation and serves at the pleasure of the commissioner. <u>See</u> V.T.C.S. art. 5547-202, §2.12. However, we believe that a court would find that each superintendent, as the administrative head of the institution to which he is appointed and the person with the power to appoint the facility's staff and fix their salaries, exercises sovereign functions of government for the benefit of the public <u>largely independent of the control of others</u>. Accordingly, we conclude that a superintendent of a Mental Health and Mental Retardation facility is subject to the prohibitions imposed by the nepotism statutes.

We note that this situation is different from that presented in <u>Pena v. Rio Grande City Consolidated Independent School District, supra</u>, which held that a superintendent of an independent school district is not an officer within the meaning of the nepotism statutes. Unlike a school superintendent, whose duties are prescribed

solely by the employing school board, the duties of a superintendent of a facility of the Texas Department of Mental Health and Mental Retardation are prescribed by statute. This statute confers upon such a superintendent sovereign functions of government largely independent of the control of others.

You also ask whether the nepotism statutes prohibit the employment of a particular person at a mental health and mental retardation facility. The person is paid from public funds. The person is a brother-in-law of the superintendent and, therefore, within the degree of affinity prohibited by article 5996a. Because the person was employed at the facility for less than two years prior to the time he became the superintendent's brother-in-law, we conclude that the two-year continuous service exception in article 5996a is not applicable.

While we believe that a contract of employment that was made prior to the prohibited relationship would remain valid for the term of the contract, we are advised that the person in question is not hired on a contractual basis with the facility. If the person is an employee who is hired on a month-to-month basis, we believe a new contract would be entered into each month and that the person's continued employment at the facility is prohibited. See Attorney General Opinion M-857 (1971).

S U M M A R Y

The superintendent of a facility of the Texas Department of Mental Health and Mental Retardation is an officer within the meaning of the Texas nepotism statutes and may not employ a person who is related to him within the degree of kinship prohibited by article 5996a, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton