

# The Attorney General of Texas

September 19, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ıston, TX. 77002-3111
ᴜ/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Dana Ehrlich
Lipscomb County Attorney
P. O. Box 156
Follett, Texas    79034

Opinion No.   JM-72

Re:   Whether appraisal district
may contract with chief appraiser
for appraisal services

Dear Mr. Ehrlich:

You ask the following four questions regarding the proper administration of the Lipscomb County Appraisal District:

> 1. May the appraisal district enter into an independent contractor relationship with a chief appraiser for the purpose of appraising property in the district for ad valorem tax purposes?
>
> 2. Is such a contract creating an independent contractor relationship subject to competitive bidding requirements of section 6.11 of the Property Tax Code?
>
> 3. If the contract is invalid, may the wife of the chief appraiser be employed by the chief appraiser in the appraisal offices as secretary without violating article 5996a?
>
> 4. If the contract is valid, may the wife of the chief appraiser be employed by a private appraisal firm performing appraisal services for the district under contract?

In answer to your first question, we conclude that an appraisal district may not enter into a contractual relationship with an independent contractor to perform the duties of a chief appraiser. In answer to your third question, we conclude that the wife of a chief appraiser may not be employed by the chief appraiser in the appraisal district offices without violating article 5996a, V.T.C.S. Because we conclude that an appraisal district may not enter into the contract in question, we need not address your second and fourth questions.

First, you ask whether the appraisal district may enter into a contract with an independent contractor to perform the duties of a chief appraiser. We answer your question in the negative.

The contract at issue contains, _inter alia_, the following provisions which define the relationship of the parties in the following way:

> The parties intend that an independent contractor-employer relationship will be created by this contract. District is interested only in the results to be achieved, and the conduct and control of the work will lie solely with Contractor. Contractor is not to be considered an agent or employee of District for any purpose. It is further understood that Contractor is free to contract for other appraisal services while he is under contract with District provided that Contractor gives precedence to the discharge of his responsibilities under this agreement . . . .

> The work to be performed under this contract will be performed entirely at Contractor's risk.

In this instance, the chief appraiser of the district proposed to resign his official position and be rehired as an independent contractor. His wife would then be employed by the district as a secretary. Subsequently, the former chief appraiser would be reappointed to his original position.

Generally, the powers of such governmental agencies as counties, townships, and school districts are more strictly construed than those of incorporated municipalities. Tri-City Fresh Water Supply District No. 2 of Harris County v. Mann, 142 S.W.2d 945, 948 (Tex. 1940). For example, a county has no powers or duties except those which are clearly set forth and defined by the constitution and the state statutes. Harrison County v. City of Marshall, 253 S.W.2d 67, 69 (Tex. Civ. App. - Fort Worth 1952, writ ref'd); Wichita County v. Vance, 217 S.W.2d 702, 703 (Tex. Civ. App. - Fort Worth 1949, writ ref'd n.r.e.). See also Miller v. El Paso County, 150 S.W.2d 1000, 1003 (Tex. 1941). Analogously, we hold that an appraisal district can exercise only those powers and duties which are clearly set forth in the constitution and statutes of this state. Section 6.05 of the Tax Code provides the following:

> (a) Except as authorized by Subsection (b) of this section, each appraisal district shall establish an appraisal office.

> (b) The board of directors of an appraisal district may contract with an appraisal office in another district or with a taxing unit in the district to perform the duties of the appraisal office for the district.

(c) The chief appraiser is the chief administrator of the appraisal office. The chief appraiser is appointed by and serves at the pleasure of the appraisal district board of directors. If a taxing unit performs the duties of the appraisal office pursuant to a contract, the assessor for the unit is the chief appraiser.

(d) The chief appraiser is entitled to compensation as provided by the budget adopted by the board of directors. He may employ and compensate professional, clerical, and other personnel as provided by the budget.

(e) The chief appraiser may delegate authority to his employees.

Section 25.01(b) of the Tax Code sets forth the following:

The chief appraiser with the approval of the board of directors of the district may contract with a private appraisal firm to perform appraisal services for the district, subject to his approval. A contract for private appraisal services is void if the amount of compensation to be paid the private appraisal firm is contingent on the amount of or increase in appraised, assessed, or taxable value of property appraised by the appraisal firm.

Because there is no provision in the Tax Code permitting an appraisal district to enter into a contract such as that here contemplated, we conclude that it may not do so.

You also ask whether the wife of a chief appraiser may be employed by the chief appraiser as a secretary in the appraisal district office in the event that we conclude that the contract about which you ask is improper. We conclude that she may not be employed. The nepotism statute is article 5996a, V.T.C.S., and provides the following:

No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second

> degree by affinity or within the third degree by
> consanguinity to the person so appointing or so
> voting, or to any other member of any such board,
> the Legislature, or court of which such person so
> appointing or voting may be a member, when the
> salary, fees, or compensation of such appointee is
> to be paid for, directly or indirectly, out of or
> from public funds or fees of office of any kind or
> character whatsoever; provided, that nothing
> herein contained, nor in any other nepotism law
> contained in any charter or ordinance of any
> municipal corporation of this State, shall prevent
> the appointment, voting for, or confirmation of
> any person who shall have been continuously
> employed in any such office, position, clerkship,
> employment or duty for a period of two (2) years
> prior to the election or appointment of the
> officer or member appointing, voting for, or
> confirming the appointment, or to the election or
> appointment of the officer or member related to
> such employee in the prohibited degree. (Emphasis
> added).

Article 5996b, V.T.C.S., enumerates the officers embraced within the
nepotism statute:

> The inhibitions set forth in this law shall apply
> to and include the Governor, Lieutenant Governor,
> Speaker of the House of Representatives, Railroad
> Commissioners, head of departments of the State
> government, judges and members of any and all
> Boards and courts established by or under the
> authority of any general or special law of this
> State, members of the Legislature, mayors,
> commissioners, recorders, aldermen and members of
> school boards of incorporated cities and towns,
> public school trustees, officers and members of
> boards of managers of the State University and of
> its several branches, and of the various State
> educational institutions and of the various State
> eleemosynary institutions, and of the
> penitentiaries. This enumeration shall not be
> held to exclude from the operation and effect of
> this law any person included within its general
> provisions. (Emphasis added).

Clearly, the wife of a chief appraiser falls within the prohibited
degree of affinity. At issue is whether the chief appraiser is an
"officer" for purposes of article 5996a, V.T.C.S. We conclude that he
is.

We note at the outset of this discussion that we are not concluding that a chief appraiser is an officer for all purposes. In Attorney General Opinion MW-450 (1982), this office declared that the dual office-holding provisions of article XVI, section 40 of the Texas Constitution are not violated when a chief appraiser of an appraisal district is appointed to serve on the State Property Tax Board. In that opinion, we did not discuss whether a chief appraiser is an officer for purposes of article XVI, section 40 because such a determination was not necessary in order to resolve the constitutional question. Such a determination as to whether a chief appraiser is an officer in any constitutional sense is not necessary in this instance either.

In Attorney General Letter Advisory No. 156 (1978), this office concluded that the nepotism law is applicable to persons hired by a junior college board of trustees upon the recommendation of the president to whom the person is related. The letter advisory did not hold that a junior college president is an officer for purposes of article XVI, section 40; rather, the letter relied on an education code provision that reposed joint control over the selection of employees and faculty in the board and the college president. The letter concluded that such control is sufficient to make the nepotism statute applicable to the employment of persons related to the president. See also Attorney General Letter Advisory No. 152 (1978) (chief of police had influence over retaining probationary employee). In Pena v. Rio Grande City Consolidated Independent School District, 616 S.W.2d 658, 659 (Tex. Civ. App. - Eastland 1981, no writ), it was held that a school superintendent is not an officer within the meaning of article 5996a, V.T.C.S., because the exclusive right and sole legal authority to appoint or employ teachers was reposed by the Education Code in the board of trustees.

For purposes of article 5996a, V.T.C.S., the Pena court relied upon the standard set forth in Aldine Independent School District v. Standley, 280 S.W.2d 578 (Tex. 1955), to determine who constitutes an "officer." We note that the court in Aldine was concerned with who constitutes an "officer" for purposes of article XVI, section 30 of the Texas Constitution; Pena was concerned with who constitutes an officer only for purposes of article 5996a, V.T.C.S. In Pena, the court in discussing Aldine declared:

> The court also stated that status as an officer is determined by 'whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others.' See also Green v. Stewart, 516 S.W.2d 133 (Tex. 1974); Harris County v. Schoenbacher, 594 S.W.2d 106 (Tex. Civ. App. - Houston [1st Dist.] 1979, writ ref'd n.r.e.); City of Groves v. Ponder, 303 S.W.2d 485 (Tex. Civ. App. - Beaumont 1957, writ ref'd n.r.e.). We think the reasoning applied in

> Standley is appropriate to the instant case.  A
> school superintendent merely performs functions
> delegated to him by the trustees who do not by
> such delegation abdicate their statutory authority
> or control.  (Emphasis added).

Pena, supra, at 658.  Under the Pena rationale, we believe that a court would hold that, in an instance in which an individual possesses the authority to hire and fire personnel, he does exercise a "sovereign function of the government . . . exercised by him for the benefit of the public largely independent of the control of others" and would be an "officer" for purposes of article 5996a, V.T.C.S. Under Letter Advisory No. 156 (1978), no recourse was had to any constitutional test; mere control over the hiring and firing of personnel was sufficient to trigger article 5996a, V.T.C.S.  Without deciding which rationale is the correct one, we conclude that, under either test, article 5996a, V.T.C.S., is triggered here.

In this instance, section 6.05 of the Tax Code expressly confers authority on the chief appraiser, as the chief administrator of the appraisal district office, to employ and compensate professional, clerical and other personnel as provided by the budget and empowers him to delegate authority to his employees.  We conclude that such control is sufficient to make applicable the nepotism statute and that, for purposes of article 5996a, V.T.C.S., the chief appraiser is an officer.  He would thereby be prohibited from "appoint[ing], or vot[ing] for, or confirm[ing] the appointment to any office, position, clerkship, employment or duty" of his wife.  We point you, however, to the exception set forth in article 5996a, V.T.C.S., which permits the appointment of any person who shall have been continuously employed in such position for two years prior to the appointment of the officer so appointing.  Whether the wife of the chief appraiser falls within this exception is a factual matter about which we can render no decision.

Because of our answer to your first question, we conclude that it is unnecessary to consider your second and fourth questions.

### S U M M A R Y

An appraisal district is without authority to enter into a contract with an independent contractor to perform the duties of chief appraiser.  The nepotism statutes are applicable to a chief appraiser and prohibit his appointing or hiring someone within the stated degree of affinity or of consanguinity.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton