

# The Attorney General of Texas

June 6, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

11 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Sam H. Smith
Executive Director
Board of Tax Professional
 Examiners
P. O. Box 15920
Austin, Texas    78761

Opinion No. JM-499

Re: May one individual, consistently with article XVI, section 40, of the Texas Constitution, serve as chief appraiser in three different appraisal districts and simultaneously as tax assessor-collector in three school districts and a water control and improvement district

Dear Mr. Smith:

You inform us that one individual has been hired as chief appraiser by three boards of directors of appraisal districts. He serves as chief appraiser of Hudspeth County Appraisal District, of Presidio County Appraisal District, and of Jeff Davis County Appraisal District. He also serves as Tax Assessor-Collector for Anthony Independent School District, San Elizario Independent School District, and Socorro Independent School District, and for the Fort Hancock Water Control and Improvement District.

You ask whether this individual is prevented by article XVI, section 40 of the Texas Constitution from holding some or all of these seven positions. Article XVI, section 40 of the Texas Constitution prohibits one person from holding or exercising more than one civil office of emolument at the same time. Thus, we need to consider whether any of the positions held by this individual constitutes a "civil office of emolument" within this provision. This question turns on the power and responsibility which the law has assigned to each position. Considerations as to whether one individual has enough time to perform all such responsibilities are not relevant to article XVI, section 40.

A chief appraiser and a tax assessor-collector are appointed under the taxing provisions enacted by the legislature pursuant to article VIII, section 18 of the Texas Constitution. This constitutional provision states in part:

> (b)  A single appraisal within each county of all property subject to ad valorem taxation by the

> county and all other taxing units located therein
> shall be provided by general law. . . .
>
> . . . .
>
> (d) The Legislature shall prescribe by general
> law the methods, timing, and administrative
> process for implementing the requirements of this
> section.

Tex. Const. art. VIII, §.8. The quoted provisions were added to article VIII, section 18, by amendment in 1980. See H.J.R. No. 98, §1, Acts 1979, 66th Leg., at 3229.

The Property Tax Code, codified as Title I of the Tax Code, contains the statutes which implement article VIII, section 18, of the Texas Constitution. An appraisal district is established in each county and given responsibility for appraising property in the district of each taxing unit that imposes ad valorem taxes on property within the district. Tax Code §6.01. "Taxing unit" includes a county, a city, a school district, and a district created under the Water Code. Tax Code §1.04(12). The appraisal district is governed by a board of five directors. Tax Code §6.03(a). The board of directors is required to establish an appraisal office and to appoint as chief administrator of the appraisal office a chief appraiser who serves at the pleasure of the board. Tax Code §6.05.

A chief appraiser has numerous ministerial functions necessary to performing the district's duty to appraise property. See, e.g., Tax Code §11.44, §25.01. See also Attorney General Opinion MW-450 (1982). The chief appraiser submits a proposed budget to the district board of directors, subject to the board's power to amend it and give it final approval. Tax Code §6.06. He may employ and compensate personnel as provided in the budget. Tax Code §6.05(d). Attorney General Opinion JM-72 (1983) determined that the chief appraiser was an "officer" within the nepotism statute, article 5996a, V.T.C.S., because he had authority to employ personnel. This opinion did not determine whether the chief appraiser was an officer under article XVI, section 40, of the Texas Constitution. See also Attorney General Opinion MW-450 (1982). The chief appraiser may delegate authority to his employees. Tax Code §6.05(e).

He has some responsibility to determine a taxpayer's right to tax exemptions. Section 11.45 of the Tax Code provides in part:

> (a) The chief appraiser shall determine
> separately each applicant's right to an exemption.
> After considering the application and all relevant

information, the chief appraiser shall, as the law and facts warrant:

(1) approve the application and allow the exemption;

(2) modify the exemption applied for and allow the exemption as modified;

(3) disapprove the application and request additional information from the applicant in support of the claim; or

(4) deny the application.

. . . . .

(c) The chief appraiser shall determine the validity of each application for exemption filed with him before he submits the appraisal records for review and determination of protests as provided by Chapter 41 of this code.

He has similar authority to determine whether individuals are entitled to have property appraised according to the special appraisal provisions codified in chapter 23 of the Tax Code. See, e.g., Tax Code §23.44 (agricultural use designation of land); §23.57 (agricultural land); §23.73 (timber land); §23.85 (recreational, park, and scenic land). He has authority to "establish procedures for the equitable and uniform appraisal of inventory for taxation." Tax Code §23.12.

Chapter 41 of the Tax Code provides that the appraisal review board will review the chief appraiser's records and determine taxpayer protests. See, e.g., Tax Code §§41.01, 41.41. The appraisal review board consists of three members appointed for two year terms by the appraisal district board of directors. Tax Code §6.41. Members of the district board may not serve on the appraisal review board. The board examines the appraisal records to determine whether (1) the appraisals are substantially uniform; (2) an exemption is improperly granted; (3) land is improperly granted a special appraisal; or (4) the records do not conform to the requirements of law in any other respect. Tax Code §41.01. A taxing unit may challenge various aspects of the appraisal before the appraisal review board. Tax Code §41.03. The chief appraiser is required to make the appraisals and other corrections ordered by the appraisal review board. Tax Code §41.08.

Property owners may protest to the appraisal review board any determination of the chief appraiser which adversely affects them, including denial of an exemption or determination that land does not qualify for special appraisal as land designated for agricultural use, agricultural land, or timber land. Tax Code §41.41. See Brooks v. Bachus, 661 S.W.2d 288 (Tex. App. - Eastland 1983, writ ref'd n.r.e.). The chief appraiser represents the appraisal office at each protest hearing. Tax Code §41.45(c). If the board finds that the appraisal records are incorrect in some respect raised by the protest, it makes the necessary changes in the records. Tax Code §41.47.

Based on this examination of the chief appraiser's statutory authority, we conclude that he is not an officer within article XVI, section 40 of the Texas Constitution. The determining factor which distinguishes a public officer from an employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." Aldine Independent School District v. Standley, 280 S.W.2d 578, 583 (Tex. 1955); see also Green v. Stewart, 516 S.W.2d 133 (Tex. 1974); Dunbar v. Brazoria County, 224 S.W.2d 738 (Tex. Civ. App. - Galveston 1949, writ ref'd); but see, Pruitt v. Glen Rose Independent School District, 84 S.W.2d 1004 (Tex. 1935) effectively overruled by Green v. Stewart, supra. Some of his responsibilities derive directly from statute and not by delegation from the board of directors. He exercises some initial discretion in the area of tax exemptions and special valuations. Nonetheless, he exercises his appraisal functions subject to review and correction by the appraisal review board, and he serves at the pleasure of the appraisal board of directors. The appraisal functions conferred upon him are not exercised "largely independent of the control of others." Aldine Independent School District v. Standley, supra.

The chief appraiser does have authority to hire employees, within the limits of the budget imposed by the board of directors. For this reason, he is an "officer" within the Nepotism Act, art. 5996a, V.T.C.S.; Attorney General Opinion JM-72 (1983). The statutory definition of "officer" given in the Nepotism Act is not necessarily identical with the definition of officer applicable to article XVI, section 40 of the Texas Constitution. See Attorney General Opinion JM-72 (1983); Letters Advisory Nos. 156, 152 (1978). The chief appraiser needs to hire employees to carry out his primary function of appraising property, which is exercised subject to the control and supervision of others. Although he has some independence in hiring decisions, this power is incidental to and subordinate to his primary role as agent and employee of the appraisal district board of directors. The chief appraiser does not, in our opinion, hold an office within article XVI, section 40 of the Texas Constitution. This provision therefore does not prohibit one person from serving as chief appraiser of three different appraisal districts.

We next look to the responsibilities of the tax assessor-collector of a school district and of a water control and improvement district:

The Tax Code defines "assessor" as

> the officer or employee responsible for assessing property taxes as provided by Chapter 26 of this code for a taxing unit by whatever title he is designated. (Emphasis added).

Tax Code §1.04(14).

"Collector" is defined as

> the officer or employee responsible for collecting property taxes for a taxing unit by whatever title he is designated. (Emphasis added).

Tax Code §1.04(15).

The Tax Code directs us to look to the law creating a school district or a water district to determine who shall assess and collect taxes for it. Tax Code §6.22(a). The board of trustees of an independent school district may appoint an assessor-collector of taxes for the district, for a term not to exceed three (3) years. Educ. Code §23.93(a). See also Tax Code §§6.22(c); 6.23(a)(3) (taxing unit other than county or home rule city may require the county to assess and collect taxes for the district). The board of directors of a water control and improvement district may appoint one person to the office of tax assessor-collector, or it may order an election to fill that office. Water Code §51.085. See also Tax Code §§6.22(c), 6.23(a)(3) (governing body of a water control and assessment district may require county to assess and collect its taxes).

Chapter 26 of the Tax Code sets out the tax assessor-collector's assessment duties. The assessor-collector receives the appraisal roll from the chief appraiser, and determines the total appraised value, total assessed value, and total taxable value of property taxable by the taxing unit. Tax Code §§26.01, 26.04. After the governing body adopts the tax rate for the current tax year, the tax assessor-collector is to calculate the tax imposed on each property on the appraisal roll according to the formulas supplied by statute. Tax Code §26.09(a). See also Tax Code §§26.10-26.14. He enters in the appraisal roll the amount of tax determined according to statute and submits it to the governing body of the appraisal unit. Tax Code §26.09(e). The appraisal roll with amounts of tax entered becomes the tax roll after it is approved by the governing body. Id. The governing body, on motion of the assessor or of a property owner, may

order changes in the tax roll to correct errors in the mathematical computation of the tax. Tax Code §26.15(c).

Chapter 31 of the Tax Code governs tax collections. The tax assessor mails out tax bills which include information set out by statute. Tax Code §31.01. He may issue certificates showing the amount of delinquent taxes, penalties, and interest due on a property according to the taxing units records. Tax Code §31.08(a). He is to file reports accounting for his collections to the governing body and remit taxes to its depository. Tax Code §31.10.

These provisions give the tax assessor-collector duties that are clerical and ministerial. In Aldine Independent School District v. Standley, the court considered whether the assessor-collector of taxes appointed by a school board was a public officer. 280 S.W.2d 578 (Tex. 1955). The court described the assessor-collector as follows:

> He is but an agent or employee of the Board to discharge the clerical duties necessary to carry out the school Board's powers of taxation.

280 S.W.2d at 583.

This characterization also applies to the assessor-collector of taxes appointed by a school district or a water control and improvement district. The Tax Code gives the tax assessor-collector ministerial duties which may require a certain degree of skill, but do not vest in him any sovereign function of the government to be exercised largely independent of the control of others. Aldine Independent School District v. Standley, supra.

In our opinion, the tax assessor-collector is an employee and not an officer of the school districts and the water control and improvement district which hired him. He does not occupy a civil office within article XVI, section 40 of the Texas Constitution, and this provision does not bar him from simultaneously serving as tax assessor-collector for the three school districts and one water control district. We have determined that a chief appraiser does not hold a civil office within article XVI, section 40 of the Texas Constitution; thus this provision does not prohibit the tax assessor-collector for the taxing units from also serving as chief appraiser of the three county appraisal districts.

We conclude that article XVI, section 40 of the Texas Constitution does not prohibit this individual from holding the seven employments about which you inquire. This opinion is limited to the specific legal question you asked, and our answer is based on application of the legal standard to the facts you provided us. Whether

additional facts might raise other legal issues is a question outside the scope of this opinion.

## S U M M A R Y

The chief appraiser of a county appraisal district and the tax assessor-collector of an independent school district or a water control and improvement district are public employees and not "officers" within article XVI, section 40 of the Texas Constitution. The functions assigned to these positions by the Tax Code do not confer upon them "any sovereign function of the government . . . to be exercised . . . largely independent of the control of others." Aldine Independent School District v. Standley, 280 S.W.2d 578 (Tex. 1955).

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General