

# The Attorney General of Texas

April 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Iston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jesusa Sanchez-Vera
Jim Wells County Attorney
P. O. Drawer 2080
Alice, Texas    78333

Opinion No. JM-480

Re:    Whether a veteran's county service officer may simultaneously serve as a city councilman

Dear Ms. Sanchez-Vera:

You ask whether a veteran's county service officer may at the same time serve as a city councilman. You point out that article XVI, section 40, of the Texas Constitution prohibits one person from holding more than one civil office of emolument at the same time, and ask whether a veterans county service officer and the city councilman of a particular city both hold civil offices of emolument.

Prior Attorney General Opinions have held that the veterans county service officer occupies a civil office of emolument. Attorney General Opinions V-144 (1947); O-5675 (1943); Letter Advisory No. 61 (1973). These opinions state that the veterans county service officer is a civil officer of emolument but do not discuss his duties or provide any other reasons for their conclusion.

Subsequent to the issuance of Letter Advisory No. 61 (1973), this office determined that there was no distinction between "civil office" and "public office." Attorney General Opinion MW-415 (1981) concluded that the definition of "public office" articulated in Aldine Independent School District v. Standley, 280 S.W.2d 578 (Tex. 1955) also applies to the term "civil officer" as it appears in article XVI, section 40 of the Texas Constitution. Thus,

> the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others.

Aldine Independent School District v. Standley, supra at 583 (quoting Dunbar v. Brazoria County, 224 S.W.2d 738, 740 (Tex. Civ. App. – Galveston 1949, writ ref'd) (emphasis deleted). See Green v. Stewart, 516 S.W.2d 133 (Tex. 1974). This is the definition we must apply to determine whether the veterans county service officer is a civil officer within article XVI, section 40, of the Texas Constitution.

Article 5787, V.T.C.S., creates the office of veterans county service officer. The commissioners court may maintain and operate such an office when it determines

> that such an office is a public necessity in order
> that those residents of a county who have served
> in the armed forces may promptly properly and
> rightfully obtain the benefits to which they are
> entitled. . . .

V.T.C.S. art. 5787, §1(a). The commissioners court appoints the veterans county service officer and any assistant veterans county service officers as are necessary and pays their salary and expenses from the general funds of the county. The veterans county service officers and the assistants serve for a two year term unless sooner removed for cause by the commissioners court. The duties of the veterans county service officer and assistants

> shall be to aid all residents of the county and/or
> counties providing for such officers who served in
> the Military, Naval, or other Armed Forces or
> Nurses Corps of the United States during any war
> or peacetime enlistment, and/or veterans and/or
> orphans and/or dependents in preparing, submitting
> and presenting any claim against the United States
> or any state, for compensation, hospitalization,
> insurance or other item or benefits to which they
> may be entitled under the existing laws of the
> United States, or of any state, or such laws as
> may hereafter be enacted, pertinent thereto. It
> shall also be their duty to defeat all unjust
> claims that may come to their attention.

V.T.C.S. art. 5787, §1(c). No fees may be charged of applicants. Veterans county service officers and assistant officers are

> given official entry into records of the
> eleemosynary and penal institutions of the State
> of Texas . . . for the purpose of determining the
> status of any person confined therein in regard to
> any benefit to which such person may be entitled.

Id. §1(d). Contiguous counties may agree to "jointly employ and compensate a Veterans County Service Officer. . . ." Id. §1(e).

Your request letter describes the functions of the county veterans service officer as follows:

> [He] acts as a liason officer between veterans,
> their widows and/or dependents and student
> veterans and the Military, Social Security, the
> Veterans Association or Educational Institutions.

> He helps prepare and handle the paperwork between the individual and the agency. [He] makes no decisions or determinations of the veteran's eligibility. All decisions and eligibility determinations are made by the Military, Social Security, and Veteran's Association, or the Educational Institution.

The veterans county service officer assists others to apply to various governmental agencies for veterans benefits, and he has no power to grant or deny any application for benefits. Although veterans county service officers have a duty "to defeat all unjust claims that may come to their attention," this provision does not authorize them to deny claims; that authority rests with the state or federal agency which administers the particular benefit program. The veterans county service officer can assist in defeating "unjust claims" by refusing to help prepare such claims.

In our opinion, the veterans county service officer is an "officer" in name only. He does not exercise any sovereign function of government. A veteran has legal authority to submit his claim to the appropriate state or federal agency without involving the veterans county service officer. The latter individual merely provides those ministerial services necessary to assist the veteran in applying for benefits.

Although article 5787 creates "an office" and identifies the occupant as the "Veterans County Service Officer" it does not grant him the powers of a public officer. The veterans county service officer is not a civil officer of emolument, but a county employee. He is not barred by article XVI, section 40 from serving as a compensated city councilman while he also holds employment as a county veterans service officer. Attorney General Opinions O-5675 (1943) and V-144 (1947), and Letter Advisory No. 61 (1973) are overruled to the extent inconsistent with this opinion.

## S U M M A R Y

The veterans county service officer whose position is established by article 5787, V.T.C.S., does not hold a public office. He is a county employee and is not barred by article XVI, section 40 of the Texas Constitution from serving as a compensated city councilman.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General